SCHOTT, Chief Judge.
The trial court found that Robert J. Calu-da, attorney for the plaintiff, was subject to sanctions under LSA-C.C.P. art. 863 after plaintiff’s claims against appellees were dismissed on a motion for summary judgment. Caluda was ordered to pay two hundred and fifty dollars to appellees and to deliver to the trial judge “written fifty times legibly, in his own handwriting, and letter perfect, the provisions of Article 863 of the Louisiana Code of Civil Procedure.” Caluda has appealed contending this writing assignment constitutes an abuse of the trial court’s discretion because the penalty is inappropriate.
Art. 863(D) provides that upon a determination by the court that the article has been violated, “the court shall impose ... an appropriate sanction” upon the vio *783 lator. The issue is whether this writing assignment was an appropriate sanction.
Not in this Circuit. We consider such a penalty not only demeaning, but also pointless. A penalty should be tailored not only to punish the violator, but also to accomplish some useful end. This writing assignment serves no utilitarian purpose.
Accordingly, that part of the judgment imposing the writing assignment upon appellant is set aside and the case is remanded to the trial court for the imposition of other appropriate sanctions as the court may wish to impose.
All costs of this appeal are taxed against appellant.
REVERSED AND REMANDED.