# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1364
### consolidated with 10-1365

SCOTT BRAME MOFFETT

VERSUS

LAUREN LEE MOFFETT

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-1048
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**Gremillion, J. dissents in part. Having found no abuse of the trial court's discretion, he would affirm the trial court's ruling in its entirety.**

**AFFIRMED IN PART; REVERSED IN PART; AND AMENDED IN PART. SANCTIONS FOR FRIVOLOUS APPEAL DENIED.**

Evelyn M. Oubre
Attorney at Law
522 Clarence Street
Lake Charles, Louisiana 70601
(337) 436-0337
Counsel for Defendant/Appellant:
    Lauren Lee Moffett

**John Green**
**AAA Legal Services, Inc.**
**1135 Hodges Street**
**Lake Charles, Louisiana  70601**
**(337) 990-0060**
**Counsel for Plaintiff/Appellee:**
**        Scott Brame Moffett**

**KEATY, Judge.**

Lauren Lee Moffett (Lauren) and her attorney, Evelyn Oubre (Oubre), appeal a judgment in favor of Scott Brame Moffett (Scott) stemming from an evidentiary hearing on sanctions pursuant to La.Code Civ.P. art. 1420(E). The trial court found that Oubre failed to comply with a rule of discovery, which violated La.Code Civ.P. art. 1420(B), subjecting her to sanctions under La.Code Civ.P. art. 1420(D). The trial court cast Lauren with costs, Oubre with attorney fees, prohibited two depositions from being used or distributed, and prohibited either of the deposed persons from being called as witnesses. For the following reasons we affirm the trial court in part, reverse the trial court in part, and amend the judgment accordingly.

## FACTS AND PROCEDURAL HISTORY

Lauren and Scott were married in October 1997 and filed for divorce in 2005. They have two minor daughters and have litigated extensively over domestic issues since their separation, as evidenced by over eighty pages of minute entries in the record. On or about June 8, 2009, Lauren allegedly received a call from one of her children who was upset. She drove to Scott's house to pick up the children and an altercation occurred between them. Lauren then called the police and two officers arrived and took her statement.

Lauren contacted her attorney shortly thereafter, and on June 9, 2009, Oubre issued subpoenas to take the depositions of the two responding officers for the purpose of discovery. Oubre certified that the notices were sent to each officer and to the court reporter. Oubre did not notice Scott or his attorney of record, John Green. Oubre took the depositions of the two officers on June 12, 2009.

1

On or about June 26, 2009, Scott filed a rule for sanctions[1] against Oubre and Lauren. He alleged that Oubre used the "subpoena powers of the Court" to serve the officers with subpoenas and subsequently obtain their depositions, without giving notice to him or his attorney. He further alleged that she took the depositions to gain an unfair advantage in an extremely litigious dispute. Scott claimed that Oubre violated the provisions of La.Code Civ.P. art. 1420 and should be sanctioned accordingly. He requested that Oubre and Lauren be cast with attorney fees and costs.

The hearing on Scott's rule for sanctions took place on July 13, 2009. At that hearing, Oubre testified that she took the officers' depositions on June 12, 2009 because she "thought the children [were] in danger" and was hoping to get corroboration from a third party before deciding whether to file for ex parte custody, a change of custody, or nothing at all. She then testified that "[t]here was no litigation[]. There was no rule at that time filed to change custody, change visitation."[2] Oubre also stated that the perpetuation of testimony[3] article was inapplicable to the instant case.

The trial court disagreed. It emphasized Oubre's filing the subpoenas into the ongoing consolidated lawsuits between the parties, her use of the term "for discovery" on the subpoenas, and stated that she had "used these proceedings to take a deposition

---

[1]Scott's rule for sanctions was filed on the same day as a rule for contempt and to change custody filed by Lauren.

[2]Although custody issues were not set before the trial court at the time the depositions were taken, on June 26, 2009, Lauren filed a rule for contempt and a rule to change custody. In her motion, the events of June 8, 2009 are set forth in detail as evidence to support a finding of contempt and change of custody.

[3]Louisiana Code of Civil Procedure Article 1430 sets forth specific instances and procedures for taking a deposition when litigation is not pending in the courts.

of somebody without giving notice to the other side. And to argue now that there's no litigation but yet you use this litigation to get to the clerk to issue the thing - -."

The trial court found that the depositions were not taken in accordance with the law, particularly La.Code Civ.P. art. 1438, which requires reasonable written notice be given to the other party before a deposition is taken. It found that because the depositions were not taken in accordance with the law, sanctions under La.Code Civ.P. art. 1420 were appropriate. In sanctioning Oubre's actions, the trial court prohibited Lauren or Oubre from calling either officer as a witness in a future, potential hearing; prohibited the depositions from being used in the litigation, given to either therapist or given to a witness; cast Oubre with attorney fees; and cast Lauren with all costs for issuing the subpoenas, filing the discovery requests for the depositions and for "these proceedings."

Lauren and Oubre jointly appeal, asserting two assignments of error:

1. "The trial court erred in []finding the taking of a deposition of a witness to obtain information when there is no pending litigation, and without notification to the opposing party, and with no ill motive or bad faith attached thereto, is a sanctionable action" and;

2. "Even if the action is sanctionable against the attorney, the punishment can not be extended to the client, denying to the client the right to call a witness that has been deposed in violation of law."

Scott answered the appeal, seeking increased sanctions under La.Code Civ.P. art. 1420 and sanctions for work done on appeal under La.Code Civ.P. art. 863.

## DISCUSSION

There are three issues before us. The first is whether Oubre's actions were sanctionable; the second, whether the sanctions imposed by the trial court were proper; and the third, whether Scott is entitled to an increase in sanctions and

3

additional sanctions for work done on appeal under La.Code Civ.P. arts. 863 and 1420.

***Are the actions of an attorney, who takes a deposition without giving reasonable, written notice to the opposing party, sanctionable?***

The trial court sanctioned appellants under La.Code Civ.P. art. 1420. In order to impose sanctions under La.Code Civ.P. art. 1420, a court must hold an evidentiary hearing and find that the discovery request :

> (1) was not consistent with the rules of discovery or was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, (2) was interposed for an improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation, or (3) was unreasonable, unduly burdensome, or expensive, given the needs of the case, the discovery already taken in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

*Maxie v. McCormick,* 95-1105, p. 4 (La.App. 1 Cir. 2/23/96), 669 So.2d 562, 565.

In the instant case, the trial court held an evidentiary hearing and found that Oubre's failure to notice the opposing party of her intent to take depositions violated La.Code Civ.P. art. 1438, one of the rules of discovery. It found that this violation was one enumerated in La.Code Civ.P. art. 1420(B) and, accordingly, that sanctions were appropriate under La.Code Civ.P. art. 1420(D).

Oubre argues on appeal that although she took depositions without giving notice to the other party, there was no litigation pending and she did not act with ill motive or bad faith, making the sanctions imposed against her and her client inappropriate.

We reject Oubre's assertion that there was no pending litigation between the parties. The subpoenas were issued under the suit existing between Scott and Lauren. Oubre testified that she took the depositions to determine what course of action she

4

should take; whether she should seek an emergency ex-parte custody order, an order modifying custody, or nothing at all. Subsequent to taking the depositions, but before the hearing on Scott's rule for sanctions, Oubre filed a rule for contempt and to change custody on behalf of Lauren. In her motion of support, Oubre specifically references the June 8 incidences as grounds for contempt and a change of custody. It is obvious to this court that there was long term, ongoing litigation between Lauren and Scott and that Oubre took the depositions, at least partially in furtherance of that litigation.[4]

Further, we interpret La.Code Civ.P. art. 1420 as allowing for the imposition regardless of whether the violation was done in good faith or not. The trial court did not determine whether Oubre acted in good faith or not, but it did not need to. Although Oubre claims that she acted without ill will or bad faith, that assertion does not preclude her from sanctions under Article 1420. Article 1420 imposes a duty on an attorney signing discovery requests to make reasonable inquiries into the facts and the law. *See Murphy v. Boeing Petroleum Servs.*, 600 So.2d 823 (La.App. 3 Cir. 1992). "Subjective good faith will not satisfy the duty of reasonable inquiry." *Murphy*, 600 So.2d at 826. Oubre's argument that she was without ill will of bad faith is without merit.

Finally, a close reading of La.Code Civ.P. art. 1420 and associated jurisprudence clearly suggests that an attorney need only violate one of the three provisions of Subsection (B) to be sanctioned. *See Maxie*, 669 So.2d 562. It is clear that violating any of the three provisions is an action appropriately giving rise to

_____

[4]The issue of whether depositions taken absent pending litigation would have any bearing on the appropriateness of sanctions under Article 1420 is beyond the scope of this opinion and is not addressed herein.

sanctions. The trial court found that Oubre violated a provision of Article 1420(B) and sanctioned her accordingly.

"A trial court's factual determination that La.Code Civ.P. art. 1420 was, or was not, violated is reviewed on appeal pursuant to the 'manifest error' or 'clearly wrong' standard." *Maxie v. McCormick*, 669 So.2d at 565. After reviewing the record, we do not find that the trial court committed manifest error in finding that an attorney, who did not notice opposing counsel prior to taking depositions that she admittedly planned on using in on-going litigation between the parties, was not in compliance with La.Code Civ.P. art. 1438 and was therefore subject to sanctions under La.Code Civ.P. art. 1420(D).

***Were the sanctions imposed by the trial court appropriate?***

The trial court has "considerable discretion as to the type and severity of sanctions to be imposed," and we review those decisions under the abuse of discretion standard of review. *Joyner v. Wear*, 27,631, p. 14 (La.App. 2 Cir. 12/6/95), 665 So.2d 634, 642, *writ denied*, 96-40, 96-42 (La. 2/28/96), 668 So.2d 370. In the instant case, the trial court ordered Oubre to pay $1,250 in attorney fees to Scott; cast Lauren with costs for the depositions, filing of the rule, and hearing on the rule; and prohibited Lauren from using or distributing the depositions or from calling either officer as a witness in the on-going litigation.

Louisiana Code of Civil Procedure Article 1420 (D) provides:

> If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the request, response, or objection, including a reasonable attorney's fee.

6

Therefore, the trial court did not abuse its discretion in ordering Oubre to pay attorney fees and Lauren to pay costs.

Further, La.Code Civ.P. art. 1450 allows a deposition that is admissible under the Louisiana Code of Evidence to be used "against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof." No other party was present when the depositions were taken, and no one was given reasonable notice; thus, the depositions could not be used against anyone. The trial court did not abuse its discretion in including that prohibition in its judgment.

In assigning sanctions prohibiting the use of the depositions, the trial court ordered that "[n]o part of the depositions of Officer Timothy Richards and Officer Kevin Jones are to be used at any evidentiary hearing and are not to be provided to any court appointed counselors, nor to any witnesses." We find that the trial court did not abuse its discretion in including that prohibition in its judgment.

Finally, the trial court imposed a sanction prohibiting Lauren from calling either officer as a witness in these proceedings. We find that this prohibition was an abuse of the trial court's discretion. Louisiana Code of Civil Procedure Article 1420 permits a court to impose an "appropriate sanction" and gives examples: attorney fees, reasonable expenses, et cetera. Although that list is illustrative only, we find that, under the facts of this case, prohibiting a party from calling certain persons as witnesses in a potential, but not yet scheduled hearing, is an abuse of the trial court's discretion.

In the instant case, the only issue before the trial court was whether Oubre should be sanctioned for taking the depositions of two officers without giving notice to the other party. Prohibiting the officers' testimony is premature and is an abuse of

7

the trial court's broad discretion in imposing sanctions. "A penalty should be tailored not only to punish the violator but also to accomplish some useful end." *Williams v. Tulane Univ. Med. Ctr.*, 588 So.2d 782, 783 (La.App. 4 Cir. 1991). The goal, in imposing sanctions, is to correct litigation abuse. *See Joyner*, 669 So.2d 634. We can find no instance in which a trial court punished an attorney for violating La.Code Civ.P. art. 1420 by prohibiting their client from calling certain persons as witnesses in potential future hearings.

In casting Oubre and her client with costs and attorney fees and in prohibiting them from using the depositions, the trial court successfully punished Oubre in a manner that is likely to make her mindful of giving proper notice to opposing parties prior to taking depositions in the future. Prematurely prohibiting Lauren from calling either officer as a witness extends beyond the goal of correcting litigation abuse and potentially infringes on her right to present evidence in support of her case. We, therefore, reverse the portion of the judgment prohibiting Lauren from calling either officer as a witness.

### *Additional Sanctions*

In his answer to the appeal, Scott seeks additional sanctions under La.Code Civ.P. art. 1420, for work done on appeal, and under La.Code Civ.P. art. 863, for having to answer a frivolous appeal.

"Article 1420 empowers this court to award sanctions commensurate with the appeal before us based on the findings of the trial court as amplified by the actions of the parties in this court." *Zatzkis v. Zatzkis*, 632 So.2d 302, 306 (La.App. 4 Cir. 1993), *writ denied*, 94-160 (La. 6/24/94), 640 So.2d 1340. The trial court found that Oubre's actions were sanctionable under La.Code Civ.P. art. 1420 and ordered her

to pay $1,250 in attorney fees. She then appealed. After reviewing the record, we agree that her actions were sanctionable. In light of the foregoing, we find an additional sanction for work done on appeal appropriate and award Scott additional attorney fees in the amount of $1,000.

Scott also seeks sanctions under La.Code Civ.P. art. 863. The supreme court made it clear that only a trial court can order sanctions under La.Code Civ.P. art. 863, stating:

> [S]anctions under article 863D can only be imposed "after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." Only a trial court is capable of holding the required art. 863 hearing where evidence may be presented on the sanctions issue. Therefore, on its face, the ability to impose sanctions under art. 863 is limited to the trial court. Moreover, we believe that the authority to impose art. 863 sanctions is limited to the trial court. The court of appeal's authority to regulate conduct before it is governed by La.Code Civ.P. art. 2164, which provides in pertinent part that "[t]he [appellate] court may award damages for frivolous appeal." By limiting the court of appeal's authority to awarding damages solely for frivolous appeals, art. 2164 places a logical limit on the application of art. 863 to matters before the trial court.

*Hampton v. Greenfield*, 618 So.2d 859, 862 (La.1993) (citations omitted).

Scott argues that this appeal is frivolous. Louisiana law is clear that "appeals are favored and appellate courts are therefore reluctant to impose damages for frivolous appeal[s]." *Harris v. Gaylord Bag Co.*, 26,335, p. 4 (La.App. 2 Cir. 12/7/94), 647 So.2d 542, 544. "An appeal will not be deemed frivolous unless it appears that it was taken solely for delay, serious legal questions are not raised or counsel does not seriously believe in the position of law she advocates." *Id.* We do not find that this appeal is frivolous, and that is the only instance in which we can impose sanctions under La.Code Civ.P. art. 863. Accordingly, Scott's request for sanctions under that article is denied.

9

**DECREE**

We find that the trial court did not commit manifest error when it found that Evelyn Oubre took the depositions of two police officers without providing notice to opposing counsel and that her behavior was sanctionable under La.Code Civ.P. art. 1420. We find no abuse of discretion in the sanctions imposed by the trial court insofar as costs, fees, and prohibition against using the depositions are concerned. We find that the trial court abused its discretion in imposing a sanction that prohibited Lauren Moffett from calling either officer as a witness at trial, and we reverse that portion of the judgment. We find that additional sanctions pursuant to La.Code Civ.P. art. 1420 for work done on appeal are appropriate, and we award Scott Moffett an additional $1,000 in attorney fees. Sanctions pursuant to La.Code Civ.P. art. 863 are inappropriate. We amend the judgment accordingly. Costs are cast to Evelyn Oubre.

**AFFIRMED IN PART; REVERSED IN PART; AND AMENDED IN PART. SANCTIONS FOR FRIVOLOUS APPEAL DENIED.**