67 So.3d 1294 (2011)
Lauren Lee MOFFETT
v.
Scott Brame MOFFETT.
No. 10-1365.
Court of Appeal of Louisiana, Third Circuit.
June 22, 2011.
Evelyn M. Oubre, Attorney at Law, Lake Charles, LA, for Defendant/Appellant, Lauren Lee Moffett.
John Green, AAA Legal Services, Inc., Lake Charles, LA, for Plaintiff/Appellee, Scott Brame Moffett.
Court composed of SYLVIA R. COOKS, JOHN D. SAUNDERS, MARC T. AMY, SHANNON J. GREMILLION, and PHYLLIS M. KEATY, Judges.
KEATY, Judge.
For the reasons set forth in the companion case in this consolidated matter, Scott Brame Moffett v. Lauren Lee Moffett, 10-1364 (La.App. 3 Cir. 6/22/11), 67 So.3d 1287, we find that the trial court did not commit manifest error when it found that Evelyn Oubre took the depositions of two police officers without providing notice to opposing counsel and that her behavior was sanctionable under La.Code Civ.P. art. 1420. We find no abuse of discretion in the sanctions imposed by the trial court insofar as costs, fees, and prohibition against using the depositions are concerned. We find that the trial court abused its discretion in imposing a sanction that prohibited Lauren Moffett from calling either officer as a witness at trial, and we reverse that portion of the judgment. We find that additional sanctions pursuant to La.Code Civ.P. art. 1420 for work done on appeal are appropriate, and we award Scott Moffett an additional $1,000 in attorney fees in the companion case only. Sanctions pursuant to La.Code Civ.P. art. 863 are inappropriate. We amend the judgment accordingly. Costs are cast to Evelyn Oubre.
AFFIRMED IN PART; REVERSED IN PART; AND AMENDED IN PART. SANCTIONS FOR FRIVOLOUS APPEAL DENIED.
GREMILLION, J. dissents in part.
Having found no abuse of the trial court's discretion, he would affirm the trial court's ruling in its entirety.