# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**14-374**


**KITE BROS. LLC**

**VERSUS**

**KITE RV, LLC, ET AL.**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2013-0568
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**ANSWER TO APPEAL DENIED.**




**Kenneth M. Wright**
**Attorney at Law**
**203 West Clarence Street**
**Lake Charles, LA 70601**
**(337) 439-6930**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Alan Kite**
    **Kite RV, LLC**

**Scott J. Scofield**
**Scofield, Gerard, Pohorelsky, Gallaugher & Landry**
**P. O. Drawer 3028**
**Lake Charles, LA 70602**
**(337) 433-9436**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Kite Bros. LLC**

**GREMILLION, Judge.**

Plaintiff/appellee, Kite Bros., LLC, has answered this now-dismissed appeal and prayed for damages, including attorney fees, against defendant/appellant, Alan Kite. For the reasons that follow, we render judgment denying same.

Kite Bros., LLC, filed suit in Beauregard Parish for money damages and recognition of a vendor's lien. Kite RV, LLC, is alleged to be in liquidation; thus, Kite Bros. also sued the liquidator, Alan Kite. The two defendants filed separate exceptions of improper venue and lis pendens. The trial court denied both exceptions. From the denial of their exception of improper venue, defendants perfected an appeal and sought supervisory writs. This court, sua sponte, ordered defendants to show cause why their appeal should not be dismissed as improperly sought from an interlocutory judgment. The appeal was dismissed. *Kite Bros., LLC v. Kite RV, LLC*, 14-374 (La.App. 3 Cir. 5/28/14), (unpublished).

Uniform Rules—Courts of Appeal, Rule 2-19 provides, "The court may award damages for frivolous appeal in civil cases as provided by law." Those damages are provided by law in La.Code Civ.P. art. 2164, and those damages may include attorney fees. An appellee seeking those damages must demand them in an answer to the appeal. La.Code Civ.P. art. 2133.

Appeals are favored; thus, appellate courts are reluctant to impose damages for frivolous appeal. *Moffett v. Moffett*, 10-1364 (La.App. 3 Cir. 6/22/11), 67 So.3d 1287. Regarding the award of damages for frivolous appeal, this court has enunciated the following test:

> Louisiana Code of Civil Procedure Article 2164 provides for an award of damages for frivolous appeal. If the court feels that counsel for the appellant does not seriously advocate the position taken or that the appeal was filed solely for dilatory purposes, then damages for frivolous appeal are appropriate. *Gallien v. Winn-Dixie,* 96-832

> (La.App. 3 Cir. 12/11/96), 685 So.2d 531 (citing *Hampton v. Greenfield,* 618 So.2d 859 (La.1993)); *Doe v. Roman Catholic Church,* 94-1476 (La.App. 3 Cir. 5/3/95), 656 So.2d 5, *writ denied,* 95-2076 (La.11/13/95), 662 So.2d 478. However, if even the slightest justification is found for the appeal, and even if the appellant does not prevail on appeal, damages will not be awarded. *Hawkins v. City of Jennings,* 97-1291 (La.App. 3 Cir. 3/6/98), 709 So.2d 292.

*Moraus v. Frederick*, 05-429, pp 9-10 (La. App. 3 Cir. 11/2/05), 916 So.2d 474, 481-82.

An interlocutory judgment may be appealed if, as a practical matter, it cannot be corrected on appeal, i.e., it causes irreparable injury. *Bennett v. Arkansas Blue Cross Blue Shield*, 05-1714 (La.App. 1 Cir. 9/15/06), 943 So.2d 1124. In their argument in response to the motion to dismiss, defendants cited legal authority for the proposition that the denial of an exception to venue is an appealable interlocutory judgment. *See Patterson v. Alexander & Hamilton, Inc.*, 02-1230 (La.App. 1 Cir. 4/2/03), 844 So.2d 412. We also note that defendants filed an application for supervisory writs with this court, which was denied. *Kite Bros., LLC v. Kite RV, LLC*, 14-16 (La.App. 3 Cir. 1/16/14) (unpublished).

The fact that defendants did not prevail in the motion to dismiss does not render their appeal frivolous. This must be the case when defendants supported their position that appeal was appropriate with relevant jurisprudential authority. The fact that defendants also filed an application for supervisory writs demonstrates that defendants were attempting to cover their bases in the event that the court determined that the matter was an appealable judgment.

The demand of plaintiff/appellee, Kite Bros., LLC, for damages, including attorney fees, is denied.

**ANSWER TO APPEAL DENIED.**

2