STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

21-236


VESTA HALAY JOHNSTON AND LAKE
CHARLES RUBBER AND GASKET CO.,
L.L.C.

VERSUS

SUSAN HALAY VINCENT, MARTIN BRYAN
VINCENT, MOBY GOODWIN, AND GULF
COAST RUBBER AND GASKET, L.L.C.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-4153
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


**APPEAL CONVERTED TO APPLICATION FOR**
**SUPERVISORY WRIT; WRIT DENIED.**

J. Michael Veron
Turner D. Brumby
Veron, Bice, Palermo & Wilson
Post Office Box 2125
Lake Charles, Louisiana  70602-2125
(337) 310-1600
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     Vesta Halay Johnston and Lake Charles
     Rubber and Gasket Co., L.L.C.


Rudie R. Soileau, Jr.
Hunter W. Lundy
Lundy, Lundy, Soileau & South, L.L.P.
501 Broad Street
Lake Charles, Louisiana  70601
(337) 439-0707
**COUNSEL FOR DEFENDANT/APPELLEE:**
     Martin Bryan Vincent


Thomas P. LeBlanc
Loftin & LeBlanc, L.L.C.
410 E. College Street, Suite A
Lake Charles, Louisiana  70605
(337) 310-4300
**COUNSEL FOR DEFENDANT/APPELLEE:**
     Gulf Coast Rubber and Gasket Co., L.L.C.


Martin A. Stern
E. Paige Sensenbrenner
Raymond P. Ward
Adams & Reese, L.L.P.
701 Poydras Street, Suite 4500
New Orleans, Louisiana  70139
(504) 581-3234
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     Martin Bryan Vincent and
     Gulf Coast Rubber and Gasket Co., L.L.C.

**PERRY, Judge.**

The issue before this court concerns whether the trial court erred in denying Plaintiffs' requests for sanctions for Defendants' alleged failure to identify and destroy evidence in their possession. For the following reasons, the judgment of the trial court denying Plaintiffs' motion for sanctions is affirmed.

## FACTS AND PROCEDURAL HISTORY

The underlying facts of this case are discussed in previous opinions of this court, as reported in *Johnston v. Vincent*, 17-391 (La.App. 3 Cir. 12/13/17), 258 So.3d 687; *Johnston v. Vincent*, 19-055 (La.App. 3 Cir. 5/20/20), 317 So.3d 623, *writ denied*, 20-1344 (La. 2/9/21), 310 So.3d 182; and *Johnston v. Vincent*, 20-357 (La.App. 3 Cir. 5/5/21), --- So.3d ---, *writs granted*, 21-1196, 21-1207 (La. 12/21/21), 328 So.3d 1163, 1164. For the purpose of the issues before this court presently, it suffices to say this lawsuit was filed in October 2015 by Vesta Halay Johnston and Lake Charles Rubber and Gasket Co., L.L.C. (collectively "Plaintiffs"), alleging defamation and unfair trade practices against Susan Halay Vincent, Martin Bryan Vincent, Moby Goodwin, and Gulf Coast Rubber and Gasket Co., L.L.C. (collectively "Defendants").

Soon after this lawsuit was filed, the parties entered into a consent judgment to preserve evidence and quarantine electronic devices ("Preservation Order"). The Preservation Order, issued on November 18, 2015, "required both companies to create and preserve a digital image of all data in an 'accessible, usable form.'" *Johnston*, 258 So.3d at 690.

During the bench trial of this matter—conducted over the course of fifty-four days between January 16, 2018, and January 25, 2019—the trial court lifted the Preservation Order and directed Defendants to identify and destroy evidence in their

possession ("Destruction Order"). The Destruction Order, signed by the trial court on December 11, 2018, specified, in pertinent part:

> [D]efendants, Gulf Coast Rubber & Gasket, LLC and Bryan Vincent, shall immediately take all reasonable steps to identify and destroy any and all information, documents, files, data generated by Lake Charles Rubber & Gasket in the possession of Gulf Coast Rubber & Gasket, LLC and/or Bryan Vincent, if any.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the defendants have until the close of business on February 15, 2019, to comply with this Order.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the plaintiffs and defendants are allowed to work together to create a protocol to comply with the above. However, the burden is on the defendant[s] to comply with this Order.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that either party may return to the Court to address additional matters related to the above.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the plaintiffs shall maintain the right to seek sanctions for any willful violations of this Order by the defendants.

On April 16, 2019, Plaintiffs filed a motion for sanctions, alleging Defendants were in violation of the Destruction Order. In addition to sanctions, Plaintiffs requested "discovery to gather evidence of the nature and extent of defendants' failure to comply[.]" The trial court appointed Jeff Cole as the Special Master, pursuant to La.R.S. 13:4165, to preside over matters relating to the discovery sought by Plaintiffs and Plaintiffs' request for sanctions for Defendants' alleged violation of the Destruction Order.[1]

Plaintiffs' motion for sanctions was considered by the Special Master on November 6, 2019. On November 19, 2019, the Special Master issued his Report

---

[1] The appointment of a special master may be made "[p]ursuant to the inherent judicial power of the court and upon its own motion and with the consent of all parties litigant[.]" La.R.S. 13:4165(A). In such capacity, the special master "has and shall exercise the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties." La.R.S. 13:4165(B). Such duties may include making "findings of facts or conclusions of law[.]" La.R.S. 13:4165(C)(1).

2

and Recommendations, finding Plaintiffs had not met their burden of proving Defendants willfully violated the Destruction Order at issue and recommending Plaintiffs' motion for sanctions be denied.

On November 26, 2019, Plaintiffs filed an objection to the Special Master's Report and Recommendations,[2] asserting it "contain[ed] numerous legal and factual errors[.]" Plaintiffs additionally alleged that they had recently become aware that the Special Master and his law firm "have a longstanding business relationship with both [Defendants' computer forensics expert,] Robert Whaley and his company, Total Technology Solutions, Inc., the sole witness in connection with the motion for sanctions that the Special Master was appointed to evaluate."

Following a two-day hearing on June 11 and 12, 2020, the matter was taken under advisement. In written reasons, the trial court overruled Plaintiffs' objection, stating the following pertinent findings:

> First, the Court does not find that there was any conflict of interest between the Special Master and Mr. Robert Whaley. The Court further finds Mr. Whaley to be a credible witness.
>
> Next, the Court does not find that the plaintiffs have met their burden of proof. The driving force behind the Motion for Sanctions was Plaintiffs' contention that the Defendants had willfully failed to comply with the Court's December 11, 2018 order. . . .
>
> . . . .
>
> At the 1442 deposition, Mr. Whaley testified regarding the method chosen by himself and Gulf Coast Rubber & Gasket, LLC to comply with the Court's order. While there may have been other methods by which to comply and verify the December 11, 2018 order, the Court finds that the method utilized by defendants did amount to their immediately taking all reasonable steps to identify and destroy any and all information, documents, files, data generated by Lake Charles Rubber & Gasket, LLC in the possession of Gulf Coast Rubber and Gasket, LLC and/or Bryan Vincent. As such, plaintiffs have failed to prove, by a preponderance of the evidence, that there was a violation of

---

[2] Under La.R.S. 13:4165(C)(3), "any party may file a written objection" to the special master's report "[w]ithin ten days after being served with notice of the filing of the report[.]" If a party timely objects, "[a]fter a contradictory hearing, the court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions." *Id.*

3

the Court's order, and the Court therefore does not find that sanctions are warranted.

The judgment of the trial court was signed on August 11, 2020. Plaintiffs appealed.

## LAW AND ANALYSIS

*Subject Matter Jurisdiction*

As an initial matter, the denial of a motion for sanctions is a judgment that does not determine the merits of the case.[3] *Armelise Planting Co. v. Liberty Oil & Gas Corp.*, 05-1250 (La.App. 1 Cir. 6/9/06), 938 So.2d 178. Therefore, it is an interlocutory judgment. *Id.*; La.Code Civ.P. art. 1841. Louisiana Code of Civil Procedure Article 2083(C) governs the appealability of interlocutory judgment, stating: "An interlocutory judgment is appealable only when expressly provided by law." The proper procedural vehicle to seek review of a non-appealable interlocutory judgment is an application for supervisory writ. *See* La.Code Civ.P. art. 2201. Appellate courts may convert the appeal of an interlocutory judgment into an application for supervisory writ if the motion for appeal has been filed within the thirty-day period allowed for the filing of a writ application. *Duckering v. Rapides Healthcare Sys.*, 15-1049 (La.App. 3 Cir. 3/2/16), 187 So.3d 548. *See also* Uniform Rules—Courts of Appeal, Rule 4–3.

The trial court here denied Plaintiffs' motion by judgment signed on August 11, 2020, with notice to all counsel mailed on September 10, 2020. Plaintiffs' motion for appeal was filed on October 13, 2020. Because the original deadline for the writ application was October 10, 2020, and because this court was closed due to the emergency posed by Hurricane Delta on October 12, 2020, we will construe Plaintiffs' appeal as a timely filed application for supervisory writ.

---

[3] In contrast, under La.Code Civ.P. art. 1915(A)(6), a judgment that imposes sanctions is a final judgment for purposes of appeal.

*Standard of Review*

In this case, because the trial court empowered a Special Master to make findings of fact, "the trial judge sat as the trier of fact." *Adams v. Union Pac. R.R. Co.*, 18-902, p. 4 (La.App. 3 Cir. 5/29/19), 317 So.3d 525, 529. Consequently, manifest error must exist for this court to reverse the trial court's factual findings. *Id.* This court can only reverse if, after reviewing the record, we find there is no reasonable factual basis for the factual finding and that the factfinder is clearly wrong. *Id.* Further, a trial court has considerable discretion in determining whether to impose sanctions as well as the type and severity of sanctions to be imposed, and "we review those decisions under the abuse of discretion standard of review." *Moffett v. Moffett*, 10-1364, p. 6 (La.App. 3 Cir. 6/22/11), 67 So.3d 1287, 1291.

*Assignments of Error*

Plaintiffs argue the trial court erred in refusing "to enforce [the Destruction Order] and sanction the defendants for failing to comply with it[.]" Additionally, they contend the appropriate sanctions for Defendants' violation are "a permanent injunction, random and unannounced inspections to verify compliance, contempt, and additional damages."

A review of the record reveals Plaintiffs' counsel e-mailed Defendants' counsel on December 19, 2018, requesting that Plaintiffs' computer forensics expert, Brian Wilson, be allowed to communicate directly with Defendants' computer forensics expert, Robert Whaley ("Mr. Whaley"), to create the required protocol ordered by the Court to assure compliance with the order. By letter dated January 2, 2019, Defendants' counsel responded and rejected Plaintiffs' request.

On February 11, 2019, Defendants informed the trial court in writing of their compliance with the Destruction Order. Additionally, the protocol adopted to comply with the Destruction Order was explained as follows, in pertinent part:

5

[A] decision was made to (i) collect limited information from the Gulf Coast servers and computers; (ii) establish a new, clean computing environment at Gulf Coast; (iii) load the limited Gulf Coast information into the new, clean computing environment; and (iv) destroy the hard drives for the original servers and computers along with all information stored on those hard drives.

. . . .

. . . [T]he hard drives for the servers and computers that have been the focus of the plaintiffs' concerns and complaints during these proceedings have not survived and have been destroyed as directed in the Court's December 11 order.

On April 16, 2019, Plaintiffs' "Motion for Sanctions Re: December 11, 2018, Order (With Incorporated Memorandum of Authorities)" was filed, alleging Defendants were in violation of the Destruction Order and requesting the trial court "allow[] sufficient time for the plaintiffs to conduct discovery to gather evidence of the nature and extent of the defendants' failure to comply with the Court's December 11, 2018 order."

The trial court allowed Plaintiffs the right to conduct discovery and appointed a Special Master to oversee the process. Plaintiffs conducted the La.Code Civ.P. art. 1442 deposition of Total Technology Solutions, LLC, for which Mr. Whaley appeared as representative. During this deposition, Mr. Whaley explained the process he developed to accomplish the mandate of the Destruction Order in a timely manner. He testified he purchased new computing equipment, he populated the new system with only the data identified as belonging to Plaintiffs, and he oversaw the physical destruction of all data storage devices that could have held any information in the possession of Defendants to ensure none of Plaintiffs' data was retrievable on Defendants' computer system. Mr. Whaley also assisted in the upload of new part numbers and part descriptions. Defendants converted their existing part numbers to new alpha-numeric part numbers, as well as altered their

existing part descriptions, to ensure their part numbers and descriptions would not match Plaintiffs' part numbers and descriptions.

Our review of the record reveals Plaintiffs offered no evidence, only suspicion and speculation. Plaintiffs' allegations, without substantiation, do not meet the burden of proof necessary to prove Defendants violated the Destruction Order. Plaintiffs were dismayed because Defendants rejected their request to coordinate in the creation of a protocol for Defendants' compliance with the trial court's Destruction Order. However, the assertion that Defendants' methodology violates the Destruction Order because evidence was destroyed, not preserved, is nonsensical. We do not fault Defendants' methodology—destroying when ordered to destroy.

We find reasonable support for the trial court's ruling is contained in the record before us. There is no evidence Defendants possess that which they were ordered to identify and destroy. Therefore, we deny Plaintiffs' writ, finding the trial court did not manifestly err in ruling that Plaintiffs failed to prove by a preponderance of the evidence that there was a violation of the Destruction Order and that sanctions were warranted.

## DISPOSITION

For the reasons discussed, Plaintiffs' appeal of a trial court's denial of its motion for sanctions is converted to an application for supervisory writ. We deny Plaintiffs' writ, finding no error in the judgment of the trial court. Costs are assessed to Plaintiffs/Appellants, Vesta Halay Johnston and Lake Charles Rubber and Gasket Co., L.L.C.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT DENIED.**

7