REDMANN, Judge.
Plaintiffs, having interests in a piece of property in the New Orleans Vieux Carre, sued both owners and lessee of an adjacent property for certain injunctive relief.
*585 On March 9, 1970, judgment was rendered against the owners with costs as between plaintiffs and owners, but it was “further ordered, adjudged and decreed that the plaintiffs’ suit be dismissed as against [the lessee] and for all costs.” (Sic.)
On April 6 the lessee filed a rule to fix its expert’s fee and tax it as costs against plaintiffs.
On May 4 judgment was rendered fixing that fee at $600 and ordering it taxed as costs against plaintiffs.
On May 15 plaintiffs obtained both an order of suspensive appeal from the May 4 judgment fixing and taxing the expert fee, and an order of devolutive appeal from the March 9 judgment dismissing plaintiffs’ suit against the lessee.
The lessee moves to dismiss the suspensive appeal, citing Vitale v. Checker Cab Co., Inc., 7 La.App. 655 (1927). But, as authority for its proposition that no separate appeal lies from a judgment on rule to tax costs, Vitale cited Whitney Iron-Works Co. v. Reuss, 40 La.Ann. 112, 3 So. 500 (1887), and State ex rel. Cunningham v. Lazarus, 40 La.Ann. 856, 5 So. 289 (1888), both of which, in our opinion, rather support than defeat appellant’s position here.
In Whitney, there was a motion to dismiss “a separate and supplemental appeal from a judgment taxing costs in behalf of certain expert witnesses, because the amount of that particular decree is not sufficient to give this court jurisdiction.” 3 So. 505-6. The court in fact did not dismiss the appeal, reasoning “We do not regard the one drawn in question as a final judgment, but as an interlocutory decree, forming part of the final judgment rendered in the case.” 3 So. at 506; emphasis added.
In Lazarus, the basic final judgment had been reviewed by the Supreme Court and already reported when (apparently in the Supreme Court itself?) “This proceeding by rule, to have [stenographic fees] taxed as costs,” was initiated. The court observed that “the decree we are invited to render is an interlocutory one, and will, when rendered, form an addendiim to the original judgment therein. * * * Of course that judgment is a finality * * *, except as to the items and amount of the stenographer’s bill.” 5 So. 289; last emphasis added.
Thus in both cases we find the view that a post-judgment rule to tax costs is part of or an addendum to the final judgment, although described as interlocutory (in the sense of supplementary thereto rather than "preliminary” as described in C.C.P. art. 1841). But a judgment for “costs” is not final until the items and amounts are determined by the judgment on the rule to fix and tax.
The fundamental question today is not whether a suspensive appeal can be had, but whether any appeal can be had. If so, then as a general rule the suspensive or devolutive character of the appeal is determined by the amount and timeliness of the bond provided. There are statutory provisions which limit an appeal to devolutive in some cases and suspensive in others; but we find no such provision in regard to a judgment on a rule to tax costs.
And we believe it necessary, from the circumstance that such a judgment is almost always rendered after the fundamental final judgment disposing of the basic merits, to hold appeal available. “Preliminary” interlocutory judgments will have been rendered and appellant fully aware of their import prior to the basic final judgment; their rulings will be contained in the record on appeal from the basic final judgment; and they will be reviewable on that appeal. But this is not the case where after the basic final judgment, a judgment on rule both fixes the amount of, and taxes as costs, the various items included in “costs”. An appeal from a judgment “dismissing plaintiff’s suit at his cost” would present for review the *586 question whether costs should be paid by plaintiff, but ordinarily not the question of which costs, and their quantum.
We believe it logically inescapable that a judgment which comes after the basic final judgment must be “separately” ap-pealable (to the court which has jurisdiction of the main demand, see Const. art. 7 § 10, last paragraph; also C.C.P. art. 4). This we think especially true of a judgment on a rule to fix and tax items of costs, which alone makes executable a prior judgment for “costs” and gives it substance and definiteness, and even finality as to costs; Lazarus, supra.
We also note that appeals are favored in law and should not be dismissed except on clear legal ground, Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968).
The motion to dismiss appellant’s sus-pensive appeal from a judgment fixing and taxing costs is denied.
Motion to dismiss denied.