MOTION TO DISMISS
DOMENGEAUX, Judge.
The plaintiff-appellee, Louisiana Resources Company, moves to dismiss the un-lodged appeals of the defendants-appellants, William Arthur Fisk, et al., Harold H. Stream, III, Trustee, et al., Alice Kurtz Arguelto, Trustee, et al., Matilda Gray Stream, et al., and Joseph D. Roberts, et ux., on the grounds that the defendants-appellants did not timely perfect their appeal.[1]
This motion to dismiss was heard on oral argument pursuant to our issuance of a rule to show cause.
The pertinent facts are as follows: Plaintiff-appellee, a privately owned utility company, filed a suit to expropriate a certain tract of property naming defendants-appellants as interested parties in that property. Pursuant to the provisions of LSA-R.S. 19:1, et seq., a judgment was signed on May 20, 1976, granting Louisiana Resources Company the right to acquire a right-of-way. The issue of compensation in accordance with LSA-R.S. 19:4, 8 was submitted to a jury. The jury trial was held on June 21, 22, and 23, 1976. The judgments determining compensation, as awarded by the jury, were signed by the trial court on June 24, 1976. The peripheral issue of costs was taken under advisement.
A motion for additur and new trial was timely filed by the defendants-appellants. This motion was denied in open court on July 6, 1976, at which time counsel for all parties were present. Notice of the denial was therefore not required.
Finally, a hearing was held on the remaining issue of costs, and on July 30, 1976, *1221 judgment was signed assessing costs proportionate to the original award against the defendants-appellants. No notice of this judgment was ever given. On October 28, 1976, defendants-appellants moved for and were granted a devolutive appeal.
We conclude that the judgment of June 24, 1976, is a final judgment and whether the appeal period of ninety days[2] for devolutive appeal began running as of June 24th under the provision of LSA-R.S. 19:13 as contended by appellee, or as of July 6, 1976, this court is without jurisdiction to hear the merits of this case. The order of appeal of October 28, 1976, was well over ninety days from either date.
Even though defendants-appellants’ appeal on the merits is not viable, we opine that the issue of costs has been timely appealed. Plaintiff-appellee’s contention that the assessment of costs in the judgment of July 30, 1976, was incidental to the judgment awarding compensation of June 24, 1976, and therefore not separately ap-pealable, is not well taken. In the instant case the amount of expert witness fees taxed as costs are substantial. Following the judgment awarding compensation, the trial court took the matter of cpsts under advisement and conducted additional hearings as to who should bear the burden of these costs. On July 30, 1976, the district judge signed a judgment taxing these costs to defendants-appellants. Generally, costs of expert’s fees are incidental in nature to the main demand and if charged by decree prior to final judgment, would be considered non-appealable as interlocutory decrees. However, this is not the case where the “costs” are fixed and taxed post final judgment on the merits. The “costs” judgment of July 6,1976, is a separately appeal-able judgment. See Borenstein v. Joseph Fein Caterers, Inc., 240 So.2d 584 (La.App. 4th Cir. 1970).
For the reasons assigned the appeals of the defendants-appellants are dismissed insofar as they relate to the merits of these cases, but are maintained as to the judgment relating to costs.

APPEAL DISMISSED IN PART, MAINTAINED IN PART.

. The case of Louisiana Resources Company v. Four M. Properties, Ltd., et al. (# 5937) on the docket of this court, which was among the other cases herein consolidated at trial, has been settled, and is consequently not involved in these appeals.

. CCP 2087, prior to 1976 amendment.