I2PARRO, Judge.
This is an appeal of an order denying a joint motion for reduction of estimated appeal charges in the consolidated appeals, 96-1771 and 96-1772, Echo, Inc. v. Power Equipment Distributors, Inc., which are currently pending before this court. For the following reasons, this appeal is dismissed.

Background and Procedural History

Following the trial on the merits in the matter referenced above, counsel for each of the parties requested a transcript of the testimony to assist them in preparing post-trial memoranda. When the transcription was complete, the parties were each furnished a true copy of the transcript. The parties alleged that an original transcript was filed in the record, while the consolidated cases were under advisement. After the trial court signed a judgment dismissing all claims, Echo and Power Equipment Distributors, Inc. (“Power Equipment”) each filed a motion for appeal. Pursuant to LSA-C.C.P. art. 2126(A), the clerk of court for the trial court gave notice to the appellants that estimated appeal costs were $8,010.58. Counsel of record submitted a joint application to the trial court for reduction of the estimated appeal charges pursuant to LSA-C.C.P. art. 2126(C). The trial court signed an order requiring the Clerk of Court for the Nineteenth Judicial District Court (“the clerk of court”) to show cause why the estimated appeal charges should not be reduced.
At the hearing on this matter, counsel for Echo, Power Equipment, and the clerk of court were present. After considering the application, the argument of counsel, and the position of the clerk of court, the trial court signed an order on April 24, 1996, denying the joint application for reduction.[1] From this order, Echo filed a motion and order for a devolutive appeal, contending the estimated costs charged by the clerk of court were excessive since the original and two true copies of the transcript, which had been previously paid for by the parties, arguably were available for use in the [¡¡consolidated appeals.

Discussion

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. LSA-C.C.P. art. 1841. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment. LSA-C.C.P. art. 1841. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default and from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art.2083,
The trial court’s April 24,1996 order denying the request for reduction was rendered after a final judgment on the merits of the case. Obviously, this order did not determine the merits of the case and does not constitute a final judgment. This order, which constituted an interlocutory judgment, would not be appealable unless it may cause irreparable injury. Thus, we must deter *1184 mine if the April 24, 1996 order may cause irreparable injury.
With regard to the payment of costs, LSA-C.C.P. art. 2126 provides:
A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the .estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.
C. The appellant may question the ex-cessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.
D. After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs Land the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
F. If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.
According to Echo’s brief, the estimated appeal costs were $8,010.58. LSA-C.C.P. art. 2126(B) required that Echo and Power Equipment, as appellants, pay this amount within 20 days of the mailing of notice of the estimated costs. However, since they filed a written application for reduction of the estimated costs pursuant to LSA-C.C.P. art. 2126(C), Echo and Power Equipment had 20 days from the trial court’s April 24, 1996 ruling on the application for reduction to pay the estimated costs. Apparently, Echo and Power Equipment paid the estimated costs within 20 days of the April 24, 1996 order; otherwise, their appeals would have been dismissed pursuant to LSA-C.C.P. art. 2126(E).
LSA-C.C.P. art. 2126(C) allows the appellant to challenge the excessiveness of the clerk of court’s estimation of costs in a summary fashion by written application for reduction. The procedure for application for reduction provided in LSA-C.C.P. art. 2126(C) applies to estimated costs and does not apply to the clerk of court’s determination of actual costs.
Furthermore, while the consolidated appeals from the judgment on the merits have been pending, actual costs were determined by the clerk of court. Actual costs were determined to be lower than the clerk of court’s estimation. Thus, the clerk of court was required to refund the difference between the estimated costs and the actual Lcosts to Echo and Power Equipment. Once actual costs were determined, any viable complaint Echo had about the payment of *1185 costs would apply to actual costs rather than estimated costs because the determination of actual costs mooted the issues relating to the clerk of court’s estimation of costs. Moreover, any determination this court would make at this time in conjunction with the clerk of court’s determination of estimated costs would have no effect on its determination of actual costs. Based on this finding, we are unable to conclude the April 24, 1996 order may cause irreparable injury.
Accordingly, the April 24,1996 order is not appealable because it does not constitute a final judgment or an interlocutory judgment which may cause irreparable injury. Once the trial court made its ruling on Echo and Power Equipment’s application for reduction, Echo should have instead sought the supervisory jurisdiction of this court.[2]

Decree

For the foregoing reasons, Echo’s appeal of the trial court’s order denying the joint application for reduction of estimated appeal charges is dismissed. Costs of this appeal are assessed against Echo, Inc.
DISMISSED.

. Since the clerk of court did not file a memorandum in opposition to the joint application and a transcript of the hearing was not made part of the record in this appeal, we have no knowledge of the position advanced by the clerk of court to the trial court.

. Alternatively, an ordinary action against the clerk of court to challenge the determination of actual costs may have been a possibility.