1,WALTZER, Judge.
STATEMENT OF THE CASE
The first document in the record on appeal is a judgment of the trial court rendered on 13 November 1996 in no. 96-18349 ordering issuance of a preliminary injunction enjoining appellee, French Market Corporation (FMC), from proceeding against appellants, W.C. and R.C. Johnson, under FMC’s policies and procedures without the safeguards of a hearing, a finding of fault and a review procedure.
Two years later, appellant W.C. Johnson filed, again under no. 96-18349, a “PETITION FOR DECLARATORY JUDGMENT, PERMANENT INJUNCTION, PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER AGAINST THE FRENCH MARKET CORPORATION AND THOSE IN ACTIVE CONCERT WITH THE FRENCH MARKET CORPORATION TO PROTECT THE PLAINTIFF [sic] CONSTITUTIONAL RIGHTS AND TO PREVENT THE VIOLATION OF PLAINTIFF’S CONSTITUTIONAL RIGHTS.” Named defendants were FMC, its Executive Director, Steve Hand, its Market Manager, Edward Davidson, its Board and Staff. |2The plaintiff did not cite or request service of process on the Board, Staff, Hand or Davidson. In the body of the petition, Mable Howard and Stephen Allison were “identified ... as acting in concert with the FMC” but were not named as defendants, cited or served. Plaintiff alleged that on 21 October 1998 Davidson sent him, inter alia, a notice of suspension as a French Market vendor that allegedly violated the 1996 preliminary injunction issued by the trial court and had the effect of causing plaintiff to lose “tenure” at the French Market.
The trial court denied the request for temporary restraining order and set the preliminary injunction motion for hearing.
Appellants appeal from a trial court judgment of 25 January 1998 increasing the appeal bond from $500 to $10,000. On 23 March 1999 the trial court rendered judgment denying plaintiffs motion for rehearing or for new trial.
FIRST ASSIGNMENT OF ERROR: The Trial Court erred in denying Appellants’ Motion for Preliminary Injunction on the ground of failure to exhaust administrative remedies.
*758 SECOND ASSIGNMENT OF ERROR: The Trial Court erred in failing to grant injunctive relief when defendant is committing acts contrary to law.
THIRD ASSIGNMENT OF ERROR: The trial court erred in ruling in the absence of the original petition and its exhibits.
FOURTH ASSIGNMENT OF ERROR: The Trial Court erred in basing its judgment on unsubstantiated and unchallenged testimony by defense counsel.
| ¡¡The issues raised in these four assignments of error are not before this Court. The only judgment from which appellants appeal is that rendered by the trial court in January, 1998, increasing the suspensive appeal bond from $500 to $10,000. Although appellants’ brief refers to a second judgment (Judgment B) which the brief describes as “Notation of Conversion to Devolutive Appeal”, the record does not contain a copy of this judgment. There is nothing to indicate that the judgment related to appellants’ request for in-junctive relief.
Perhaps the appellants who are pro-se had intended to appeal from the trial court’s actions with respect to their request for a preliminary injunction. However, the record on appeal does not contain any judgment relating to the request for injunctive relief except for the unap-pealed 1996 judgment rendered in appellants’ favor and a judgment rendered on 25 November 1998 denying W.C. Johnson’s petition for preliminary injunction. Furthermore, LSA-C.C.P. art. 3612 requires that an appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The record does not support the conclusion that appellants timely perfected an appeal concerning their request for a preliminary injunction. This appeal was filed on 10 December 1999, over a year after the trial court rendered judgment on the preliminary injunction.
Therefore, these assignments of error relating to injunctive relief are moot and without merit in this appeal.
RFIFTH ASSIGNMENT OF ERROR: The Trial Court abused its discretion in raising the suspensive appeal bond ex parte from $500 to $10,000.
SIXTH ASSIGNMENT OF ERROR: The Trial Court abused its discretion in failing to require proof of monetary damage prior to increasing the suspen-sive appeal bond.
SEVENTH ASSIGNMENT OF ERROR: The Trial Court abused its discretion in denying a rehearing on the bond issue. EIGHTH ASSIGNMENT OF ERROR: The Trial Court abused its discretion in converting the suspensive appeal into a devolutive appeal, absent the conditions for such a conversion.
NINTH ASSIGNMENT OF ERROR: The Trial Court abused its discretion in converting the suspensive appeal into a devolutive appeal and subjecting Appellants to the capricious and arbitrary actions of the Appellee.
The order of the trial court denying a request for reduction of estimated appeal charges, which constituted an interlocutory judgment, did not cause irreparable injury and is thus not appealable. Echo, Inc. v. Power Equipment Distributors, Inc., 96-1773, 96-1774 (La.App. 1 Cir. 6/29/98), 713 So.2d 1182. Even where an interlocutory judgment is combined with an otherwise appealable judgment, the interlocutory judgment remains unappeala-ble. See Box v. French Market Corp., 593 So.2d 836 (La.App. 4 Cir.1992).
^CONCLUSION AND DECREE
For the foregoing reasons, the appeal is dismissed and costs of this appeal are assessed against the appellants.
APPEAL DISMISSED.