| .¿PER CURIAM.
By this writ application, relator, Stephen Paul Matherne seeks a reduction in the estimated appeal costs set in his case by the Clerk of Court for the Parish of St. Tammany. For the following reasons, we grant the writ application.
On December 8, 1998, Kimberly Fair-burn Matherne filed a petition for divorce, seeking termination of her marriage to Stephen Paul Matherne, sole custody of their minor child, and child support. In December of 1999, the trial court rendered judgment in favor of Mrs. Matherne.
Mr. Matherne filed a motion and order for appeal, and the Clerk of Court for the Parish of St. Tammany estimated the appeal costs to be $1,255.00. Because Mrs. Matherne proceeded in forma pauperis before the trial court, her costs in the sum of $609.00 were assessed as trial costs against Mr. Matherne in accordance with LSA-C.C.P. art. 5186. The Clerk of Court *572 included this sum m the estimated appeal costs.
Mr. Matherne filed a motion for reduction of the estimated appeal costs, asserting the Clerk of Court erroneously included the $609.00 in outstanding trial court costs as part of the appeal costs. By his motion, he also sought permission to copy the trial record himself in order to reduce the copy costs assessed by the Clerk of .Court. The trial court denied the motion, and this application for supervisory writs followed.
Initially, relator asserts the trial court erred in not allowing him to reduce the “outstanding costs” by independently photocopying the clerk’s file at a rate of ten cents per page as opposed to paying $1.00 per page, as assessed by the clerk’s office. LSA-C.C.P. art. 2127 imposes a duty upon the clerk of the trial court to prepare the record on appeal. This duty includes providing photocopies. Therefore, the trial court did |snot err in denying relator’s request to independently photocopy the trial court record.
Additionally, relator contends the Clerk of Court erroneously included the trial court costs attributed to Mrs. Math-erne in the estimated appeal costs.
LSA-C.C.P. art. 2126 provides that the clerk of the trial court, after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. In the case of Burks v. McKean, 544 So.2d 502 (La.App. 2 Cir.1989), the Second Circuit was presented with the issue of whether the clerk of the trial court could include trial court costs in its assessment of appellate costs. The court held that trial court costs should not be included as an item of the estimated costs required to be paid to perfect a devolutive appeal, stating:
The only costs which may be appropriately collected before the clerk prepares the record for appeal are those set out in LSA-C.C.P. Art. 2126. Simply stated, this article is to be literally interpreted and an appeal may not be held hostage for the payment of trial court costs.
Burks v. McKean, 544 So.2d at 507.
We agree with the analysis and conclusion of the Second Circuit. Therefore, we find that the trial court erred in denying relator’s motion to reduce the estimate of appellate costs by $609.00, the amount assessed against relator due to his opponent’s status as a pauper.
For the foregoing reasons, relator’s writ application is granted, in part. The trial court’s ruling on relator’s application for reduction of estimated appeal costs is reversed; the Clerk of Court for the Parish of St. Tammany is ordered to reduce the assessment of appeal costs by $609.00.
WRIT GRANTED IN PART, WITH ORDER.