STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

TERRY LEE JOHNSON, SR.

VERSUS

DR. LYNN E. FORET

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-2492
HONORABLE SHARON DARVILLE WILSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Judges Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese.

RULE TO SHOW CAUSE RECALLED.

David Dwight
Dwight Law Firm
1400 Ryan Street
Lake Charles, LA 70601
COUNSEL FOR APPELLANT:
    H. Lynn Jones, Clerk of Court, Fourteenth Judicial District Court,
    Parish of Calcasieu

John Hammons
Cornell Flournoy
Nelson & Hammons
705 Milam Street
Shreveport, LA 71101
COUNSEL FOR PLAINTIFF:
    Terry Lee Johnson, Sr.

**Elizabeth Shea**
**Fraser, Wheeler & Bergstedt**
**Post Office Box 4886**
**Lake Charles, LA 70606-4886**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Dr. Lynn E. Foret**

**COOKS, Judge.**

This case arises out of a medical malpractice suit brought by Plaintiff, Terry Lee Johnson, Sr. (Mr. Johnson), against Defendant, Dr. Lynn E. Foret (Dr. Foret), following multiple total knee replacements. The matter was submitted for decision on documentary evidence in lieu of live testimony. On October 31, 2012, the trial court signed a judgment in favor of Dr. Foret. The judgment specifically stated that Dr. Foret did not breach the requisite standard of care. Mr. Johnson appealed, and this court reversed the trial court's ruling and rendered judgment in favor of Mr. Johnson "in the amount of $100,000.00, plus legal interest from March 19, 2007, . . . plus all court costs." *Johnson v. Foret*, 13-446, p. 26 (La.App. 3 Cir. 6/18/14), 146 So.3d 614, 629-630.

In August of 2014, following this court's ruling, Dr. Foret paid the judgment in full, and Mr. Johnson executed a satisfaction of judgment. H. Lynn Jones, the Clerk of Court for the Fourteenth Judicial District, Parish of Calcasieu (the Clerk), informed Dr. Foret's counsel that court costs totaled $16,586.84. On March 9, 2015, Dr. Foret filed a motion to reduce costs which was heard and granted by the trial court on April 6, 2015. In open court, the trial court reduced the amount of costs to $8,000.00. Although the court minutes indicate that a formal decree would be signed when submitted, the record does not indicate that any judgment was signed.

The Clerk filed a motion to annul the judgment reducing costs on the ground that he was not aware of the motion to reduce costs being heard, because Dr. Foret did not request service of process on the Clerk. Dr. Foret's counsel agreed with the Clerk and requested that the judgment be withdrawn and that the motion to reduce costs be reset.

The motion to reduce costs was reheard on May 21, 2015. The trial court again reduced the costs from $16,586.84 to $8,000.00. A judgment to that effect was signed on June 2, 2015.

The clerk of court filed a motion for appeal of the judgment reducing the court costs on June 17, 2015. The record was lodged in this court on October 5, 2015. On October 8, 2015, this court issued an order to the Clerk to show cause why the appeal should not be dismissed as having been taken from a non-appealable interlocutory judgment. On October 12, 2015, counsel for Mr. Johnson informed this court that no opposition to the appeal or any appeal briefs would be filed on behalf of Mr. Johnson since Mr. Johnson had received payment of the judgment from Dr. Foret and was no longer involved in this litigation.

The Clerk filed his brief timely and asserted that the appeal should not be dismissed since the underlying trial court proceedings were concluded by the satisfaction of the judgment by Dr. Foret such that the judgment reducing court costs was a final judgment.

Generally, rulings related to motions to reduce costs are interlocutory judgments which do "not determine the merits but only preliminary matters in the course of the action." La.Code Civ.P. art. 1841; *see also Echo, Inc. v. Power Equip. Distrib., Inc.*, 96-177 (La.App. 1 Cir. 6/29/98), 713 So.2d 1182. Interlocutory judgments are "appealable only when expressly provided by law." La.Code Civ.P. art. 2083(C).

In this particular case, this court agrees with the Clerk of Court that the issue of the reduction in court costs is the only remaining issue before this court. The underlying judgment has been satisfied, and separate hearings on the costs issue have been held. Thus, the ruling reducing the court costs is no longer incidental to

2

the main suit.  We find that this appeal is from a final judgment assessing costs. This court finds that the appeal should be maintained since "[a] 'costs' judgment . . . is a separately **appealable** judgment . . . where, following a judgment on the merits, the trial court takes the matter of costs under advisement and conducts additional hearings on such matter.  *Hoyt v. State Farm Mut. Auto. Ins. Co.*, 623 So.2d 651, 663 (La.App. 1 Cir.), *writ denied*, 629 So.2d 179 (La.1993), *citing Louisiana Res. Co. v. Fiske*, 343 So.2d 1219 (La.App. 3 Cir. 1977).  *See also Little v. Pou*, 42,872, p. 28 (La.App. 2 Cir. 1/30/08) 975 So.2d 666, 681, *writ denied*, 08-806 (La. 6/6/08), 983 So.2d 920 ("According to . . . the clear implication of Article 2088, an assessment of costs which proceeds separately from the prior appeal of the judgment on the merits requires a separate appeal.")

For good cause shown, this court hereby recalls its order of October 8, 2015, to show cause why this appeal should not be dismissed.

**RULE TO SHOW CAUSE RECALLED.**