# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 15-840


**TAMMY RENEA MARTIN HARRUFF, ET AL.**

**VERSUS**

**RICHARD B. KING, JR., ET AL.**



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-82954, DIV. B
HONORABLE LALA BRITTAIN SYLVESTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and David Kent Savoie, Judges.


**AFFIRMED.**

**Billy R. Pesnell**
**J. Whitney Pesnell**
**William Alan Pesnell**
**The Pesnell Law Firm, A.P.L.C.**
**HC Beck Building, Suite, 1100**
**400 Travis Street (Zip 71101)**
**Shreveport, LA 71166-1794**
**(318) 226-5577**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Kyle King**
    **Renee Poole King**

**Henry W. Bethard, L.L.P.**
**Bethard & Bethard**
**P. O. Box 1362**
**Coushatta, LA 71019**
**(318) 932-4071**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Edgar Cason**
    **Tammy Renea Martin Harruff**
    **Amy Lynn Bilodeau**

**EZELL, Judge.**

Renee King, individually and in her capacity as executrix of the estate of her late husband, Richard King, and Kyle King appeal the decision of the trial court below denying their motion for sanctions and motion to assess costs against Tammy Martin Harruff, Amy Lynn Bilodeau, and Edgar Cason (hereinafter "the Plaintiffs"). For the following reasons, we hereby affirm the decision of the trial court.

The underlying facts of the case involve the Kings' purchase of two tracts of land in Red River and Natchitoches Parishes from the Plaintiffs. The land purchased was near the Haynesville Shale. After completion of the sale, the Plaintiffs sought to rescind the sale for lesion beyond moiety. The trial court rescinded the sale, and a panel of this court reversed that decision, reinstating the sale as originally executed. See *Harruff v. King,* 13-940 (La.App. 3 Cir. 5/14/14), 139 So.3d 1062, *writ denied,* 14-1685 (La. 11/7/14), 152 So.3d 176.

While the decision of the trial court rescinding the sale was being appealed, the trial court held a separate hearing and issued a separate ruling on costs. That decision was not appealed. After this court reversed the trial court's original ruling, the Kings filed several motions, including one seeking sanctions against the Plaintiffs and another seeking to tax them with the court costs from the original trial. The Kings also sought to have the cost judgment cancelled in the Red River Parish and Natchitoches Parish public records. The trial court denied those motions. From that decision, the Kings appeal.

On appeal, the Kings assert five assignments of error. They first claim that the trial court erred in failing to sanction the Plaintiffs for moving ex parte to remove funds from the registry of the court after they had already transferred title

to third parties. They further assert other assignments of error concerning court costs awarded arising from the original judgment of the trial court. We will address those assignments of error together. Finally, the Kings claim that the trial court erred in failing to cancel the costs judgment rendered against them.

The Kings first claim that the trial court erred in failing to sanction the Plaintiffs for taking funds from the registry of the court after they had transferred title to the disputed land to third parties. Following the original judgment of the trial court in their favor and the Kings' failure to take a suspensive appeal, the Plaintiffs transferred title to the land to third parties. The trial court stated at the hearing on the motions:

> I don't see a problem with anything that they did. As far as sanctions for both of y'all, I'm denying sanctions on both sides. I don't think either side was egregious in their behavior in order to award sanctions and attorney's fees. I don't [think] that [Plaintiff's counsel] did it with intent to defraud anybody. I think he did it in good faith. He thought his trial judgment was good so he did it in good faith. He has turned the property back over to the people completely as a whole title to what they had before the Court of Appeals reversed it or after the Court of Appeals reversed it.

The trial court concluded the actions of the Plaintiffs were not so flagrant as to require the imposition of sanctions. We cannot find clear error in that finding. The trial court has 'considerable discretion as to the type and severity of sanctions to be imposed,' and we review those decisions under the abuse of discretion standard of review." *Moffett v. Moffett*, 10-1364, p. 6 (La.App. 3 Cir. 6/22/11), 67 So.3d 1287, 1291 (quoting *Joyner v. Wear,* 27,631, p. 14 (La.App. 2 Cir. 12/6/95), 665 So.2d 634, 642, *writs denied,* 96-40, 96-42 (La. 2/28/96), 668 So.2d 370). After a review of the record before this court, we cannot say the trial court committed an abuse of discretion. Thus, we find no clear error in the trial court's failure to award sanctions. This assignment of error is without merit.

2

The Kings next assert several assignments of error claiming that the trial court erred in fixing various items as court costs and awarding judgment for those costs in favor of Plaintiffs and against them, especially in light of the determination of this court that the sale could not be rescinded for lesion beyond moiety. However, we conclude that these costs-related issues are not properly before this court, as the judgment which fixed costs and taxed them against the Kings is a final judgment which was not appealed.

On January 17, 2013, the trial court signed a judgment on the merits in favor of the Plaintiffs, ordering the sale rescinded based on lesion beyond moiety. That judgment specifically noted that the assessment of costs, including expert witness fees, would be fixed at a separate hearing. That decision was appealed by the Kings and subsequently reversed by this court. *Harruff v. King,* 139 So.3d 1062. However, following that original judgment by the trial court and during the pendency of that appeal, the separate hearing on the costs referenced in the original judgment was held. A separate judgment on costs was rendered on March 5, 2013, taxing the Kings for costs in the amount of $31,151.29. That judgment on costs was not appealed.

"A 'costs' judgment against a defendant is a separately appealable judgment where the amount of expert witness fees taxed as costs are substantial and where, following a judgment on the merits, the trial court takes the matter of costs under advisement and conducts additional hearings on such matter." *Hoyt v. State Farm Mut. Auto. Ins. Co.,* 623 So.2d 651, 664 (La.App. 1 Cir.), *writ denied*, 629 So.2d 1179 (La.1993). See also *Phillips v. G & H Seed Co.,* 10-1484 (La.App. 3 Cir. 6/8/11), 68 So.3d 645.

The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters *not reviewable under the appeal,* including the right to set and tax costs and expert witness fees. La. C.C.P. art.2088. A judgment for costs rendered after the final judgment on the merits is a separate and appealable judgment. *In re Succession of Pitman,* 42,654 (La.App.2d Cir.10/24/07), 968 So.2d 871; *Hoyt v. State Farm Mutual Automobile Insurance Co.,* 623 So.2d 651 (La.App. 1st Cir.1993), *writ denied,* 629 So.2d 1179 (La.1993).

*Little v. Pou*, 42,872, p. 28 (La.App. 2 Cir. 1/30/08), 975 So.2d 666, 681,

*writ denied,* 08-806 (La. 6/6/08), 983 So.2d 920.

"'According to . . . the clear implication of [Louisiana Code of Civil

Procedure] Article 2088, an assessment of costs which proceeds separately from

the prior appeal of the judgment on the merits requires a separate appeal.'"

*Johnson v. Foret*, 15-943, p.___ (La. App. 3 Cir. 11/12/15), ___So.3d___, ___

(quoting *Little v. Pou*, 975 So.2d at 681 (first alteration in original)).

An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise or modify a final judgment after the time for filing a devolutive appeal has elapsed. When an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment.

*Lay v. Stalder*, 99-402, p. 5 (La.App. 1 Cir. 3/31/00), 757 So.2d 916, 919.

Because the Kings failed to appeal the separate judgment which assessed the

expert witness fees and costs against them, that judgment became final. The Kings

are, therefore, precluded from raising any error in that judgment on appeal. Even if

we were to find any argument they made completely compelling, we would have

no jurisdiction to alter the costs judgment.[1]  Accordingly, the Kings' assignments of error dealing with the costs of appeal cannot be addressed by this court or are rendered moot by this finding.

Finally, the Kings assert that the trial court erred in failing to cancel the costs judgment from the public records of Red River and Natchitoches Parishes.  Based on our above finding that the cost judgment was final and cannot be appealed, we can find no error in the trial court failing to cancel the recordation of a valid judgment.

Additionally, the Kings claim that the costs judgment's recordation should be cancelled because, upon their appeal, the Plaintiffs deposited into the registry of the court the required amount of money to be returned to the Kings should the original decision be upheld and the sale rescinded, minus the costs that had been awarded to the Plaintiffs.  The Kings claim that when the Plaintiffs transferred the property to third parties after their favorable trial court judgment, this amounted to the Kings paying the costs, since they could allegedly no longer be placed in proper title.  However, we find this argument to be specious, since the Kings were, indeed, placed in complete and full title after the hearing below and do not dispute that fact in any way.  This assignment of error is without merit.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against the Kings.

**AFFIRMED.**

---

[1] After filing briefs in this matter, the Plaintiffs subsequently filed an exception of lack of subject matter jurisdiction before this court.  We will forego ruling on that motion, as our decision renders the exception moot.