# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-943


**TERRY LEE JOHNSON, SR.**

**VERSUS**

**DR. LYNN E. FORET**


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-2492
HONORABLE SHARON DARVILLE WILSON, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Marc T. Amy, Phyllis M. Keaty, and John E. Conery, Judges.


**REVERSED.  ATTORNEY FEES AWARDED.**

**David F. Dwight**
**Dwight Law Firm, LLC**
**1400 Ryan Street**
**Lake Charles, LA   70601**
**(337) 439-3138**
**COUNSEL FOR APPELLANT:**
      **H. Lynn Jones, II, Clerk of Court**

**Elizabeth F. Shea**
**Fraser, Wheeler & Bergstedt**
**Post Office Box 4886**
**Lake Charles, LA   70606**
**(337) 478-8595**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Lynn E. Foret, M.D.**

**AMY, Judge.**

As a result of a previous appeal, judgment was entered against the defendant herein and he was cast with costs. The defendant satisfied the judgment. However, the Clerk of Court demanded payment of court costs before entering the satisfaction of judgment into the record. The defendant filed a motion seeking to reduce court costs on the basis that they were excessive. After a hearing, the trial court granted the motion and entered judgment reducing the costs. The Clerk of Court appeals. For the following reasons, we reverse and award attorney fees.

## Factual and Procedural Background

This litigation originates from a medical malpractice action filed by the plaintiff, Terry Lee Johnson, Sr., against the defendant, Lynn E. Foret, M.D. The record indicates that the parties submitted the matter for decision by the trial court based on documentary evidence in lieu of live testimony. The trial court found in favor of Dr. Foret. However, Mr. Johnson appealed. In *Johnson v. Foret*, 13-446, p. 26 (La.App. 3 Cir. 6/18/14), 146 So.3d 614, 629-30, a panel of this court reversed the trial court's judgment and awarded damages "in favor of Mr. Terry Lee Johnson, Sr. and against Lynn E. Foret, M.D., in the amount of $100,000.00, plus legal interest from March 19, 2007, the date of judicial demand until paid, plus all court costs. All costs of this appeal are assessed against Lynn E. Foret, M.D."

The record reflects that thereafter Dr. Foret paid the $100,000.00 judgment and Mr. Johnson executed a Satisfaction of Judgment and Acknowledgement of Payment. According to Dr. Foret, when he submitted the Satisfaction of Judgment for filing, his attorney:

received notice from the Calcasieu Parish Clerk of Court … that the Satisfaction of Judgment and Acknowledgment of Payment would not be filed, but was being held for a deposit of $15,586.84 by Appellee, that total presumably being the total of court costs in this matter. A copy of the Clerk's ledger was merely forwarded to [the attorney] with no explanation for the excessive court cost amount.

Dr. Foret subsequently filed a Motion to Reduce Costs, which the trial court granted and reduced the costs to $8,000.00. However, upon learning that H. Lynn Jones, II, in his official capacity as the duly elected Clerk of Court of Calcasieu Parish, was not notified of the hearing, the parties agreed to withdraw the initially-granted judgment and reset the matter for a hearing. After a hearing, the trial court again granted the motion and reduced the costs to $10,000.00.

The Clerk appeals, asserting that the trial court erred in granting the Motion to Reduce Costs and requesting attorney fees.[1]

**Discussion**

*Reduction of Costs*

In support of his assignment of error, the Clerk asserts that the trial court only had the authority to reduce the fees if they were excessive; that the fees in this matter were not excessive; and that the trial court reduced the fees on the basis of equity. The Clerk also requests attorney fees.

The gist of the Clerk's argument is that the fees in this matter were statutorily authorized by La.R.S. 13:841 and that there is no authority which would allow a trial court to reduce the fees absent a finding that they are excessive. Dr. Foret contends that the assessment of costs is within the trial court's discretion and

---

[1] This court previously issued an order to show cause why the appeal should not be dismissed. However, in *Johnson v. Foret*, 15-943 (La.App. 3 Cir. 11/12/15), 179 So.3d 812, a panel of this court recalled that order.

that it was not an abuse of discretion for the trial court to reduce the amount of court costs "for reasons of fairness and equity."

The costs and/or fees at issue encompass both trial costs and appellate costs. Louisiana Revised Statutes 13:841 is entitled "Enumeration of fees in civil matters; miscellaneous" and provides, in pertinent part, that:

> A. The clerks of the several district courts may be entitled to demand and receive fees of office, which fees may be less than, but shall not exceed, the amounts set forth in this Section. Any clerk of court that establishes procedures for the filing, receipt, or issuance of any of the following documents by electronic means shall establish fees for the filing, receipt, or issuance of electronic documents that shall not exceed the fee that would apply if the document was received, filed, or issued in paper.
>
> (1) Initialization fee, twenty dollars.
>
> (2) Filing document:
>
> (a) First page, six dollars.
>
> (b) Each subsequent page, four dollars.
>
> (c) Exhibits up to eight and one-half inches by fourteen inches, including but not limited to attachments, transcripts, and depositions, two dollars per page.
>
> (d) All paper exhibits larger than eight and one-half inches by fourteen inches, five dollars per page and all other exhibits, five dollars per exhibit.
>
> (3) Indexing each name, two dollars.
>
> (4)(a) Issuing document with notice of service, twenty dollars.
>
> (b) Issuing document without notice of service, fifteen dollars.
>
> (5)(a) Certification of copy, five dollars.
>
> (b) Act of congress, five dollars.
>
> (c) Conformed copies, three dollars.
>
> (6) Copies per page, one dollar.

3

(7) Minute entries, five dollars.

(8) Swearing of witnesses and jurors, two dollars.

(9) United States Postal Service and common carriers, costs actually incurred.

(10) Appeals (per original document page) complete preparation of all copies and volumes, five dollars.

(11) to (77) Repealed by Acts 2006, No. 243, § 2.

B. The funds derived by the clerk of court in the parish of Calcasieu from that portion of the fees collectable pursuant to this Section above the amount of such fees collectable at the rates provided by R.S. 13:841 prior to the amendment thereof at the 1981 Regular Session of the Legislature shall be expended exclusively for the payment of salaries of deputy clerks of court in that parish.

. . . .

D. In addition to the fees provided in Subsection A of this Section, the clerks of the several district courts may demand and receive additional fees for issuing a marriage license, fifteen dollars, and each copy, five dollars.

With regard to the costs of appeal, La.Code Civ.P. art. 2126(A) also provides that "[t]he clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court." The appellant has twenty days after the mailing of the notice to pay the estimated costs of appeal, although the trial court may extend that period for not more than twenty days upon a showing of good cause. La.Code Civ.P. art. 2126(B).

The article addressing the payment of *appeal* costs does provide a mechanism for seeking a reduction in the costs of appeal. Specifically, La.Code Civ.P. art. 2126(C) provides, in relevant part, that "[t]he appellant may question the excessiveness of the estimated costs by filing a written application for

reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing."

We conclude that Article 2126(C) is inapplicable to this situation for three reasons. First, the motion to reduce was untimely, as the appeal for which the costs at issue were incurred had already been decided when the motion to reduce was filed. Second, Article 2126(C) states that the appropriate party to prosecute the motion to reduce is "the appellant[.]" La.Code Civ.P. art. 2126(C). Dr. Foret was not the appellant in the previous appeal. Third, the first and second circuits have found that the assessment of appellate court costs does not include already-incurred trial court costs. *See Matherne v. Matherne*, 00-1629 (La.App. 1 Cir. 4/11/01), 808 So.2d 571; *Burks v. McKean*, 544 So.2d 502 (La.App. 2 Cir. 1989). The logical extension of that limitation is that La.Code Civ.P. art. 2126(C) only permits the reduction of the estimated costs of appeal, not the reduction of already-incurred trial court costs.

Further, La.R.S. 13:841 provides no provision for reduction of the statutorily-authorized fees on any grounds. In *Thornton v. Wolf*, 07-135 (La.App. 3 Cir. 5/30/07), 958 So.2d 131, a panel of this court rejected a litigant's assertion that the fee for copies of pages of exhibits for the appellate record was excessive. The panel observed that La.R.S. 13:841(A)(10) permitted court clerks to charge fees for preparing the appellate record, including making copies and that the litigant "has not cited, and we have not found, any provision of law or jurisprudence which would allow us to reduce this fee." *Id*. at 135.

Similarly, neither the Clerk nor Dr. Foret has cited any authority which would permit the trial court to reduce the statutorily-authorized fees, and aside from La.Code Civ.P. art. 2126 as previously discussed, this court has not found

5

any provision of law or jurisprudence which would allow the trial court to reduce the fee. The transcript from the hearing on the Motion to Reduce Costs indicates that Bertha Ned, an employee of the Calcasieu Parish Clerk of Court's office, testified that she was familiar with the statute that informs the Clerk's office how much it can charge for each pleading. According to Ms. Ned's testimony, she had reviewed the account and ledger in the underlying matter, and that the charges conformed to the guidelines. Ms. Ned's testimony was uncontradicted. However, the trial court reduced the costs to $10,000.00 on the basis "that a reduction is the fair thing to do."

We conclude that the reduction was error. Accordingly, the trial court's judgment granting the Motion to Reduce and reducing the costs from $16,586.84 to $10,000.00 is reversed.

*Attorney Fees*

The Clerk has also requested that this court award attorney fees. Louisiana Revised Statutes 13:843 authorizes a clerk of court to "employ an attorney at law to assist him in filing and trying said rule or rules, and the fee of the attorney employed for that purpose shall be fixed by the district judge before whom the rule is tried and shall be taxed as costs along with the cost of hearing the rule." In *Wainwright v. Moreno's Inc.*, 602 So.2d 734 (La.App. 3 Cir. 1992), a panel of this court found that the statute was broad enough to encompass an award of attorney fees where the clerk of court had to hire an attorney to defend a motion to reduce appeal costs. Accordingly, we award the Clerk $3,500.00 in attorney fees, to be taxed as costs along with the cost of hearing the rule.

6

**DECREE**

For the foregoing reasons, the judgment of the trial court dated June 2, 2015, granting the Motion to Reduce Costs filed by the appellee, Dr. Lynn E. Foret, is reversed. Attorney fees in the amount of $3,500.00 are awarded to the Appellant, H. Lynn Jones, II, in his official capacity as the duly elected Clerk of Court of Calcasieu Parish. Costs of this appeal are assessed to Dr. Foret.

**REVERSED. ATTORNEY FEES AWARDED.**